# EXHIBIT 9

1 Rick Richmond (SBN 194962)
rrichmond@larsonllp.com
2 Andrew E. Calderón (SBN 316673)
acalderon@larsonllp.com
3 Andrew S. Bledsoe (SBN 332171)
abledsoe@larsonllp.com
4 **LARSON LLP**
555 South Flower Street, 30th Floor
5 Los Angeles, California 90071
Telephone: (213) 436-4888
6 Facsimile: (213) 623-2000

7 *Attorneys for Defendant The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole*
8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| JANE DOE L.B., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation; and DOES 1-25, inclusive<br><br>Defendants. | Case No. 25LBCV02492<br><br>Assigned for all purposes to:<br>Hon. Nicole M. Heeseman, Dept. S25<br><br>**ANSWER TO COMPLAINT**<br><br>Action Filed:     September 5, 2025<br>Trial Date:        None Set |

LARSON
LOS ANGELES

ANSWER TO COMPLAINT

1  Defendant The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole hereby
2  answers Plaintiff Jane Doe L.B.'s Complaint for damages as follows:

## GENERAL DENIAL

Under California Code of Civil Procedure section 431.30(d), Defendant generally and specifically denies each and every allegation of the Complaint and specifically denies that Defendant owed Plaintiff a legal duty of care, that Plaintiff has been injured or damaged by any act or omission on the part of Defendant, that Defendant is vicariously liable for the actions or omissions of any person that did cause harm to Plaintiff, or that Plaintiff is entitled to damages or any relief whatsoever by reason of any act or omission on the part of Defendant.

## AFFIRMATIVE DEFENSES

By alleging the defenses set forth below, Defendant neither agrees nor concedes that it has the burden of proof or the burden of persuasion for any of these issues.  In addition, Defendant specifically and expressly reserves the right to amend its Answer or these defenses, or to add additional defenses, based upon legal theories, facts, and circumstances that may be discovered or upon further legal analysis.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

Plaintiff is precluded from recovering against Defendant because the allegations do not support a legal theory upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (No Legal Cause)

Plaintiff is precluded from recovering from Defendant because no conduct of Defendant was the legal cause of any alleged harm or damage to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE
### (No Special Relationship/Duty)

Plaintiff's claims for damages against Defendant arising out of alleged tortious conduct on behalf of Defendant are barred because no special relationship exists between the Defendant and Plaintiff, barring any affirmative legal duty owing from Defendant to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

**(Supervening and Superseding Cause)**

The conduct of others, including, but not limited to, Plaintiff's parents/legal guardians or the alleged perpetrator, is a supervening and superseding cause of Plaintiff's damages.

## FIFTH AFFIRMATIVE DEFENSE

**(No Duty to Report)**

Plaintiff's causes of action, and each of them, are barred, in whole or in part, because Defendant was not a mandated reporter at the time of the alleged conduct or was exempt from reporting under Penal Code sections 11165.7 and 11166.

## SIXTH AFFIRMATIVE DEFENSE

**(No Notice)**

Plaintiff's causes of action, and each of them, are barred, in whole or in part, because Defendant had no notice of the alleged conduct.

## SEVENTH AFFIRMATIVE DEFENSE

**(Reasonable Actions to Prevent Abuse)**

Plaintiff's causes of action, and each of them, are barred, in whole or in part, because Defendant took reasonable actions to prevent abuse.

## EIGHTH AFFIRMATIVE DEFENSE

**(No Vicarious Liability for Sexual Conduct)**

Plaintiff's causes of action, and each of them, are barred, in whole or in part, because there is no vicarious liability for sexual conduct under California law.

## NINTH AFFIRMATIVE DEFENSE

**(Contributory Negligence/Comparative Fault)**

Plaintiff's damages are subject to comparative fault, including that of others who were not under the control of Defendant, and Defendant's liability, if any, must be reduced in proportion to such comparative fault, including that of all third persons.

### TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred by sections 335.1 and 340.11 of the Code of Civil Procedure.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset or Credit)

Defendant is entitled to an offset or credit for the full amount of all monies received by Plaintiff, either directly or indirectly.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Mitigation of Losses)

Plaintiff or third parties failed and neglected to use reasonable care to minimize and mitigate the losses and damages of which she complains and therefore cannot recover against Defendant whether as alleged or otherwise.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Third-Party Fault)

Plaintiff's damage claims are barred to the extent that Plaintiff's damages, if any, are the proximate result of the conduct or failures of third parties over which Defendant has and had no control.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Plaintiff's damage claims against Defendant are barred, in whole or in part, because they are speculative.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Privilege)

Plaintiff's claims for damages against Defendant are barred to the extent her claims rely upon confidential information or communications protected by any evidentiary privilege, such as the attorney-client privilege, the work product doctrine, or the priest-penitent privilege, and any other privilege at common law or found in statute.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Join an Indispensable Party)

Plaintiff's causes of action, and each of them, are barred, in whole or in part, because Plaintiff failed to join an indispensable party.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (First Amendment Privileges)

Plaintiff's claims for damages against Defendant arising out of alleged tortious conduct on behalf of Defendant may be barred by the First Amendment to the Constitution of the United States.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (United States Constitution, Fourteenth Amendment)

Plaintiff's claims are barred by the Fourteenth Amendment of the United States Constitution because the events at issue happened so long ago, it is unjust, unreasonable, and

prejudicial to Defendant to require them to defend itself from stale claims when relevant evidence and witnesses may be unavailable.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (California Constitution, Article 1, Section 4)

Plaintiff's claims for damages against Defendant arising out of alleged tortious conduct on behalf of Defendant may be barred by the Article 1, Section 4, California Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Entitlement to Attorney's Fees)

Plaintiff's allegations do not support grounds for an award of attorney's fees.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Defendant has or may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize her claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff alleges that Defendant may have some responsibility. Therefore, Defendant reserves the right to assert additional defenses upon further particularization or clarification of Plaintiff's claims, upon examination of the documents provided, upon discovery of information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff recovers nothing by way of her Complaint against Defendant, and that said Complaint be dismissed with prejudice against Defendant;

2. That Defendant be awarded its costs incurred herein; and

3. That the Court award such other and further relief as it deems just and equitable.

Dated: September 29, 2025      LARSON LLP

By: _____
Rick Richmond
Andrew E. Calderón
Andrew S. Bledsoe

*Attorneys for Defendant The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole*

**PROOF OF SERVICE**

*Jane Doe L.B. v. The Church of Jesus Christ of Latter-day Saints, et al.*
Case No. 25LBCV02492

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 555 South Flower Street, 30th Floor, Los Angeles, CA 90071.

On September 29, 2025, I served true copies of the following document(s) described as **ANSWER TO COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address msalazar@larsonllp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 29, 2025, at Los Angeles, California.

Maria Salazar

**SERVICE LIST**
*Jane Doe L.B., v. The Church of Jesus Christ of Latter-day Saints, et al.*
**Case No. 25LBCV02492**

| | |
|---|---|
| Sara D. Beller, Esq.<br>Matthew A. Dolamn<br>R. Stanley Gipe<br>**DOLMAN LAW GROUP**<br>800 N. Belcher Rd.<br>Clearwater, FL 33765<br>Telephone: (727) 451-6900<br>Facsimile: (727) 451-6907<br>Email: sara.beller@dolmanlaw.com<br>    matt@dolmanlaw.com<br>    stan.gipe@dolmanlaw.com | Attorneys for Plaintiff Jane Doe L.B. |

Alexandra M. Walsh, Esq.
**ANAPOL WEISS**
14 Ridge Square NW, Suite 342
Washington, DC 20016
Telephone: (202) 780-3014
Facsimile: (202) 780-3678
Email: awalsh@anapolweiss.com

Thomas Anapol, Esq.
**ANAPOL WEISS**
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Telephone: (202) 780-3014
Email: tanapol@anapolweiss.com

Paige N. Boldt, Esq.
**ANAPOL WEISS**
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Telephone: (202) 780-3014
Email: pboldt@anapolweiss.com